IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CATALOGUE CREATIVES,
INCORPORATED,

        Plaintiff,

        v.

PACIFIC SPIRIT CORPORATION,
ET AL.,

        Defendants.

No. CV 03-966-MO

OPINION AND ORDER

MOSMAN, J.,

      Plaintiff Catalogue Creatives, Inc. alleges that Pacific Spirit Corp. ("Pacific Spirit") and its CEO, Mark Kenzer (collectively, "defendants"), infringed plaintiff's copyrights in certain photographs under 17 U.S.C. §§ 101 et. seq. (the "Copyright Act"). Defendants argue Pacific Spirit's use of the photographs did not constitute infringement because the company commissioned the photographs as works made for hire. In the alternative, defendants argue plaintiff granted Pacific Spirit an implied, non-exclusive license to reproduce the photographs. Before the court are the parties' cross-motions for summary judgment on the issue of infringement. For the reasons set forth below, defendants' motion is DENIED, and plaintiff's motion is GRANTED with respect to its infringement claim against Pacific Spirit. The court reserves ruling as to plaintiff's claim against defendant Kenzer and directs the parties to submit

PAGE 1 - OPINION AND ORDER

supplemental briefing regarding that claim.

I. Facts

Plaintiff Catalogue Creatives creates catalogs. Its customers provide sample products and information, and plaintiff arranges for photography, performs graphic design work, and puts the completed catalog on output films ready for printing. It also provides services for online catalogs.

Defendant Pacific Spirit is a mail order catalog vendor. Pacific Spirit sells its goods through print catalogs and on a pair of web sites. Pacific Spirit hired plaintiff to produce its catalogs approximately seven years ago. Pacific Spirit delivered sample products to plaintiff, who then hired photographer Patrick Riordan to photograph the products. Plaintiff then incorporated those photographs into catalog spreads and produced catalogs for Pacific Spirit. Pacific Spirit alleges that plaintiff's President, Arpo Lepisto, told Pacific Spirit CEO Mark Kenzer that Pacific Spirit would own the photographs plaintiff arranged to be taken for Pacific Spirit's catalogs.

On October 14, 2001, in the context of a protracted billing dispute between the parties, Mr. Lepisto sent Mr. Kenzer an email requesting payment of sums allegedly owed by Pacific Spirit. In that email, Mr. Lepisto wrote that "[w]e are no agents nor representatives of your company, have not been ever. We only do work for hire and once paid the property and the work becomes the clients. [sic]"

The business relationship between the parties soured and eventually terminated. However, Pacific Spirit continued to use the photographs taken by Mr. Riordan in its catalogs.

Mr. Riordan registered the photographs with the copyright office in June and September

of 2003, and thereafter assigned his rights to plaintiff. In July of 2003, plaintiff filed the instant action, alleging Pacific Spirit's continued use of the photographs infringes plaintiff's copyrights. Pacific Spirit continues to use the photographs in its catalogs. Mr. Kenzer, Pacific Spirit's CEO and one of its two shareholders, oversees which photographs appear in the catalogs.

II.     Analysis

   A.     Infringement

To establish a prima facie case of copyright infringement, a plaintiff must show ownership of the infringed material and violation of at least one exclusive right granted to copyright holders under 17 U.S.C. § 106 – in this case, the right to reproduce the copyrighted work. *A & M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004 (9th Cir. 2001); 17 U.S.C. § 106(1). Registration is prima facie evidence of the validity of a copyright. *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 488-89 (9th Cir. 2000). Because it is uncontested that plaintiff owns a registered copyright in the photographs at issue in this case, the burden shifts to defendants to "offer some evidence or proof to dispute or deny the plaintiff's prima facie case of infringement." *Lamps Plus, Inc. v. Seattle Lighting Fixture Co.*, 345 F.3d 1140, 1144 (9th Cir. 2003).

In an attempt to carry its burden, defendants argue plaintiff does not own the photographs at issue in this litigation because they were commissioned works made for hire under 17 U.S.C. § 101. "Work made for hire" is a statutory exception to the general rule that copyright ownership lies with the author of a work. *Community for Creative Non-Violence v. Reid*, 490 U.S. 730, 737 (1989). Commissioned works can only be deemed made for hire "if the parties expressly agree in a written instrument signed by them that the work shall be considered a work made for hire." 17 U.S.C. § 101. In the instant action, defendants argue Mr. Lepisto's October

14, 2001 email satisfies this requirement. This argument lacks merit for several reasons. First, it is undisputed that at the time of the email Mr. Lepisto did not own the photographs at issue and had no authority to convey rights therein to a third party. In any event, the email plainly lacks the formalities expressly required by the Copyright Act. Even assuming that the email constitutes a "written instrument" as contemplated by the statute, and that Mr. Lepisto's offhand remark that his company produces works for hire constitutes an express agreement, the email is not signed by the parties. Because there is no express, signed agreement that the photographs at issue in this case were commissioned works for hire, defendants' argument fails as a matter of law.

Defendants argue in the alternative that Pacific Spirit had a non-exclusive license to reproduce the photographs, and that license survived the termination of the parties' business relationship. A written agreement is not required for non-exclusive licenses. *Effects Associates, Inc. v. Cohen*, 908 F.2d 555, 558 (9th Cir. 1990). Rather, a copyright owner may convey a non-exclusive license by conduct, such as where the owner creates a work at the request of another party and hands it over, intending that the other party copy and distribute it. *Id*. at 558. Defendants argue that is precisely what happened in the instant case: plaintiff created the photos as requested by Pacific Spirit, and handed the photos over with the intent that Pacific Spirit would copy and distribute them. Plaintiff responds that the "works" it created and transferred to Pacific Spirit were the completed catalog spreads, not the photographs themselves. This dispute would constitute a material fact issue sufficient to preclude summary judgment but for the fact that it is undisputed that plaintiff did not own the photographs at the time it provided catalog spreads to Pacific Spirit. Accordingly, plaintiff had no authority to grant Pacific Spirit a license

of any sort in the photographs themselves, by conduct or otherwise, nor could it have possessed the requisite intent to do so.

In sum, the court finds that the photographs at issue were not commissioned works made for hire, and that Pacific Spirit did not have an implied, non-exclusive license to reproduce them. Because it is undisputed that Pacific Spirit reproduced plaintiff's copyrighted work, Pacific Spirit infringed plaintiff's copyright as a matter of law.

B. Individual liability

Plaintiff further seeks to hold defendant Kenzer personally liable for copyright infringement. The Ninth Circuit recognizes three doctrines of copyright liability:

> To prove a claim of direct copyright infringement, a plaintiff must show that he owns the copyright and that the defendant himself violated one or more of the plaintiff's exclusive rights under the Copyright Act. One who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct *of another* may be liable as a "contributory" copyright infringer. . . . A defendant is vicariously liable for copyright infringement if he enjoys a direct financial benefit from *another's* infringing activity and has the right and ability to supervise the infringing activity.[1]

Plaintiff does not identify the theory under which it seeks to hold Kenzer liable in this action. Neither do defendants respond to plaintiff's claim in their summary judgment briefing. Accordingly the parties are directed to submit further briefing on this issue.

In light of defendants' failure to respond to plaintiff's factual allegations regarding Kenzer's involvement in Pacific Spirit's infringement, it is undisputed that Kenzer personally oversees which photographs appear in Pacific Spirit's catalogs and benefits financially from their

---

[1] *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2003) (internal citations omitted; emphasis in original).

PAGE 5 - OPINION AND ORDER

reproduction.[2] The narrow legal question the parties' supplemental briefing should address is whether these facts mandate ignoring the fiction of corporate personhood and finding Kenzer personally liable as a separate individual for actions he undertook on behalf of Pacific Spirit as its CEO.

III.    Conclusion

For the foregoing reasons, defendants' motion for summary judgment is DENIED. Plaintiff's motion is GRANTED with respect to its infringement claim against Pacific Spirit. The parties should submit supplemental briefing of no more than five pages regarding plaintiff's claim against defendant Kenzer within two weeks of the issuance of this Order.

DATED this   14th   day of June, 2005.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge

---

[2] Pursuant to Local Civil Rule 56(f), "material facts set forth in the concise statement of the moving party . . . will be deemed admitted unless specifically denied, or otherwise controverted by a separate concise statement of the opposing party."