IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Catalogue Creatives, Incorporated,

        Plaintiff,

    v.

Pacific Spirit Corporation, et al.,

        Defendants.

No. CV 03-966-MO

SUPPLEMENTAL OPINION & ORDER

**MOSMAN, J.,**

    The facts of this case are set forth in this court's June 14, 2005 Opinion and Order and are not repeated here. In that previous order, this court granted plaintiff's motion for summary judgment with respect to its infringement claim against Defendant Pacific Spirit Corp. ("Pacific Spirit"). With respect to Defendant Mark Kenzer ("Kenzer"), the court noted that plaintiff had failed to identify the theory of indirect infringement under which it seeks to hold Kenzer liable. The court therefore withheld ruling on the infringement claim against Defendant Kenzer and directed the parties to submit supplemental briefing addressing whether Kenzer's personal supervision of the infringing activity as Pacific Spirit's CEO subjected him to individual liability for indirect infringement.

    The parties subsequently submitted supplemental briefing addressing Kenzer's individual liability. In addition, Pacific Spirit filed a motion for reconsideration of the court's conclusion that plaintiff could not have granted Pacific Spirit an implied license in the copyrighted photographs at issue as a matter of law because plaintiff did not own the photographs at the time of the alleged license. As set forth below, the court finds no error in its previous ruling regarding

plaintiff's alleged license to defendant. In addition, the court finds plaintiff has shown Defendant Kenzer is individually liable for contributory infringement. Accordingly, defendant's motion for reconsideration (#83) is DENIED, and plaintiff's motion for summary judgment (#49) is GRANTED in its entirety.

I.      Motion for Reconsideration

Pursuant to Federal Rules of Civil Procedure 52 and 46, Defendant Pacific Spirit moves the court to reconsider the portion of its June 14, 2005, Opinion and Order in which the court found that:

> it is undisputed that plaintiff did not own the photographs at the time it provided catalog spreads to Pacific Spirit. Accordingly, plaintiff had no authority to grant Pacific Spirit a license of any sort in the photographs themselves, by conduct or otherwise, nor could it have possessed the requisite intent to do so.

Defendant notes that plaintiff's complaint alleged that:

> Plaintiff authorized Defendants, by means of an oral or implied sublicense, to use the copyrighted material in catalogs and internet-based online stores developed and produced by Plaintiff during those portions of 1998 through 2001 in which the parties had a working relationship in the production of catalogs and internet-based online stores for the products of Defendant PACIFIC SPIRIT. The authorization extended to use by individuals who were employed by PACIFIC SPIRIT, through direct employment or by contract, to support the production by Plaintiff of the catalogs and internet-based online stores.[1]

Defendant argues the court should reconsider its prior ruling because this allegation constitutes a judicial admission that plaintiff granted defendant an implied license to reproduce the photographs and distribute them to the public. Plaintiff responds that the court should ignore the

---

[1] Complaint at ¶ 19.

factual allegations of the complaint (made by plaintiff's former counsel) because they constitute an incorrect statement of the law, and a party's factual allegations cannot change or override the law. Plaintiff argues the court correctly determined that, as a mere licensee of the photographs at the time of the alleged sublicense to defendant, plaintiff could not have conveyed an implied license in the photographs to defendant.

    A.        Procedure

Defendant brings its motion pursuant to Fed. R. Civ. P. 52. That rule applies exclusively to "actions tried upon the facts without a jury," and provides parties in such actions a mechanism by which to challenge a court's findings of fact. This court's summary judgment ruling does not constitute a trial upon the facts, nor did the court make any findings of fact in its order. To the contrary, the court determined there was no factual dispute between the parties that plaintiff did not own the photographs at issue in this litigation at the time of its alleged grant of an implied license to defendant. From that undisputed fact, the court found plaintiff could not have granted defendant an implied license in the photographs as a matter of law.

Because defendant's motion challenges the court's legal conclusions at summary judgment, the proper basis for defendant's motion for reconsideration is Rule 60. Rule 60(b) permits a court to relieve a party from a final order on the grounds of "mistake, inadvertence, surprise or excusable neglect." A party may bring a motion for reconsideration under Rule 60(b) on the grounds of mistake not only by a party, but also by the court. *Kingvision Pay-Per-View v. Lake Alice Bar*, 168 F.3d 347, 350 (9th Cir. 1999). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."

*School Dist. No. 1J v. AC&S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

  B.  Merits

  Defendant argues the allegation in plaintiff's complaint that plaintiff granted Pacific Spirit an "implied sublicense" to use the copyrighted material constitutes a judicial admission, binding upon both plaintiff and the court. Plaintiff responds that its own factual allegations, while unfortunate, cannot change or otherwise override the law. The judicial admissions doctrine is limited to admissions of fact and does not extend to questions of law. *See, e.g., Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226-27 (9th Cir. 1988); *New Amsterdam Cas. Co. v. Waller*, 323 F.2d 20, 24 (4th Cir. 1963) ("the doctrine of judicial admissions has never been applied to counsel's statement of his conception of the legal theory of the case"), *cert. denied*, 376 U.S. 963 (1964). In the instant case, plaintiff's allegation is factual only to the extent it represents a legal possibility. In other words, if an implied licensee has legal authority to grant implied sublicenses, then plaintiff's allegation that it did so is binding upon plaintiff and the court. However, implied licenses are recognized only in under narrow circumstances, and defendant has offered no case law supporting the proposition that the recipient of an implied license may grant an implied sublicense by its conduct. Absent such authority, this court declines to expand the "narrow" circumstances under which a party may grant an implied license to use copyrighted materials. *Effects Associates, Inc. v. Cohen*, 908 F.2d 555, 558 (9th Cir. 1990). The allegations in plaintiff's complaint therefore state a legal impossibility which does not bind the court, and which cannot form the basis of the court's legal holding.

  Defendant argues that if the court accepts plaintiff's current contention – i.e., that plaintiff did not have authority to grant defendant a sublicense to use the photographs – then the entire

agreement under which defendant paid plaintiff for use of the photographs in its catalogs constituted a fraud. Whether that is so depends upon whether the works plaintiff transferred to defendant were (as plaintiff claims) the completed catalog spreads or (as defendant claims) the photographs themselves. The June 14, 2005, Opinion stated that "[t]his dispute would constitute a material fact issue sufficient to preclude summary judgment but for the fact that it is undisputed that plaintiff did not own the photographs at the time it provided catalog spreads to [Defendant]," such that plaintiff could not have granted defendant a license in the photographs themselves. The court's conclusion that plaintiff could not have granted defendant a license in the photographs themselves as a matter of law leaves open the possibility that plaintiff granted defendant a license to use the catalog spreads.[2] Accordingly, defendant's argument that the court's conclusion would render the contract between the parties fraudulent is without merit.

---

[2] The possibility that plaintiff could have granted defendant a license to reproduce and distribute its catalog spreads without thereby granting defendant a license to use the photographs themselves is affirmed by the Copyright Act as well as case law. Section 202 of the Copyright Act provides that:

> Ownership of a copyright, or of any of the exclusive rights under a copyright, is distinct from ownership of any material object in which the work is embodied . . . Transfer of ownership of any material object . . . does not of itself convey any rights in the copyrighted work embodied in the object.

Similarly the "first sale" doctrine, although not directly applicable to the current action, "permits the sale of a material object in which the copyright is embodied without transferring ownership of the copyright." *Design Options, Inc. v. Bellepointe, Inc.*, 940 F.Supp. 86, 91 (S.D.N.Y. 1996); 17 U.S.C. § 109(a). In *Design Options*, BellePointe enlisted Design Options to create sweater designs and to manufacture sweaters bearing those designs for BellePointe to sell. The parties never discussed copyright or ownership rights in the styles, and Design Options never registered for copyrights in the designs until after initiating its lawsuit. Design Options brought suit after learning that BellePointe had copied many of the styles Design Options had created for BellePointe and had arranged for the sweaters to be manufactured in other factories without Design Options' authorization. The court rejected BellePointe's argument that it had acquired rights in the sweater designs by purchasing the sweaters bearing those designs.

PAGE 5 - SUPPLEMENTAL OPINION & ORDER

In sum, while the legal conclusions alleged in plaintiff's complaint contradict the court's ruling, there is no statutory or case law authority to support expanding the narrow circumstances under which a party may grant an implied license to use copyrighted materials. *Effects Associates, Inc. v. Cohen*, 908 F.2d 555, 558 (9th Cir. 1990). Because the court finds no error in its prior ruling, Defendant Pacific Spirit's Motion for Reconsideration (#83) is DENIED.

II. Individual liability for Defendant Kenzer

The Ninth Circuit recognizes two doctrines of indirect copyright liability:

> One who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct *of another* may be liable as a "contributory" copyright infringer. . . . A defendant is vicariously liable for copyright infringement if he enjoys a direct financial benefit from *another's* infringing activity and has the right and ability to supervise the infringing activity.[3]

In its supplemental briefing, plaintiff argues Kenzer is liable under both theories of liability. Kenzer's only response is that plaintiff's allegation that Kenzer draws a salary from Pacific Spirit, without more, is insufficient to establish that he enjoyed "a direct financial benefit" from Pacific Spirit's infringing activity, as required to establish vicarious liability. However, Kenzer offers no argument challenging plaintiff's claim that Kenzer is liable for contributory infringement. To hold a defendant liable for contributory infringement, it is not necessary to establish that the defendant enjoyed a direct financial benefit from the infringing activity of another. Rather, it is enough that a defendant "induces, causes or materially contributes to the infringing conduct of another." *Id*. Thus, because it is undisputed that Kenzer personally induced and caused Pacific Spirit's infringement, Kenzer is liable for contributory infringement. Plaintiff's motion for

---

[3] *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2003) (internal citations omitted; emphasis in original).

summary judgment (#49) is therefore GRANTED in its entirety.

IT IS SO ORDERED.

DATED this 15th day of August, 2005.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge