IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Catalogue Creatives, Incorporated,

    Plaintiff,

 v.

Pacific Spirit Corporation, et al.,

    Defendants.

Civil No. CV 03-966-MO

OPINION

**MOSMAN, J.**

  In its June 14, 2005 Opinion and Order, the court found that defendants infringed plaintiff's copyright, stating:

> it is undisputed that plaintiff did not own the photographs at the time it provided catalog spreads to Pacific Spirit. Accordingly, plaintiff had no authority to grant Pacific Spirit a license of any sort in the photographs themselves, by conduct or otherwise, nor could it have possessed the requisite intent to do so.

Opinion and Order at 5. After the issuance of that order, defendant filed a motion to reconsider on the grounds that the court's description that plaintiff lacked authority to grant defendant a license is "directly contrary to the basis of plaintiff's complaint and . . . factual admissions contained in plaintiff's own pleadings." Def.'s Motion Reconsid. at 2. In response to defendants' motion for reconsideration, plaintiff indicated that the statements made by plaintiff's previous

PAGE 1 - OPINION

counsel in the Complaint, Amended Complaint and Second Amended Complaint that plaintiff had the authority to grant a license in the photographs was an incorrect statement of the law. Pl.'s Mem. Opp. Def.'s Motion Reconsid. at 5.

Based on the representations made by plaintiff in its opposition to reconsideration, defendants filed on September 21, 2005, their Answer, Affirmative Defenses, and Counterclaims, including the Ninth Affirmative Defense and Counterclaim asserting fraud in the inducement. Before the court are plaintiff's motions to strike defendants' Answer, Affirmative Defenses, and Counterclaims to plaintiff's Second Amended Complaint and plaintiff's motion to strike defendants' Ninth Affirmative Defense and Counterclaim.

Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. Proc. 15(a). "A party shall plead in response to an amended pleading within the time remaining for a response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders." *Id*. Leave to amend a pleading should be granted unless the amendment is made in bad faith, would prejudice the opposing party, or is futile. *Lockheed Martin Corp. v. Network Solutions, Inc*., 194 F.3d 980, 986 (9th Cir. 1999).

Although defendants filed their responsive pleading more than 10 days after plaintiff filed its Second Amended Complaint, the court finds that under the liberal pleading rules, defendants should be granted leave to amend. The scope of this leave to amend is limited to allowing defendants to assert affirmative defenses and counterclaims based only on false promises of *license* and not false promises of ownership. Defendants knew sufficient facts more than two years ago upon which they could have alleged false promise of ownership, and thus to

the extent that defendants' new counterclaim makes allegations regarding ownership, the court denies leave to amend. Insofar as defendants allege false promise of license, there is no evidence that defendants make this amendment in bad faith, nor is there a convincing showing that plaintiff would be prejudiced. Finally, although the counterclaim may ultimately fail, there is not enough evidence before the court to support the conclusion that this counterclaim is "futile." Instead, the court will grant defendants leave to amend, and the parties may litigate the viability of defendants' counterclaim through other routes such as a motion to dismiss or summary judgment.

Plaintiff's motion (#95) to strike defendants' new counterclaim is DENIED. Defendant's alternative motion (#98) for extension of time to file answer, affirmative defenses, and counterclaims to plaintiff's second amended complaint is GRANTED and defendants' answer shall comport with the restrictions on the leave to amend described in this opinion.

DATED this  30th   day of November, 2005.

/s/ Michael W. Mosman
Michael W. Mosman
United States District Judge